UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| MSP RECOVERY CLAIMS, SERIES LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LUNDBECK, LLC, et al.,<br><br>Defendants | Civil Action No. 3:22-CV-422 |

**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT ADIRA FOUNDATION**

Joseph E. H. Atkinson, John S. Buford, and the law firm of Hancock, Daniel & Johnson, P.C. have appeared in this action as counsel of record for Adira Foundation ("Adira"). Because Adira has ceased operations, has filed articles of dissolution, and intends to terminate the company, Adira no longer wishes to employ counsel in this matter and lacks the resources to fund any ongoing defense. Good cause therefore exists to allow Movants to withdraw as counsel.

**I.    STATEMENT OF FACTS**

Adira Foundation is a Virginia nonstock corporation and is tax-exempt under Section 501(c)(3) of the Internal Revenue Code. During its existence, Adira sought to improve outcomes for individuals with neurodegenerative diseases, such as Parkinson's disease, Huntington's disease, multiple sclerosis, amyotrophic lateral sclerosis (also known as Lou Gehrig's disease), and Alzheimer's disease.

1

Adira has been named as a defendant in three related federal lawsuits in the last six months. The instant lawsuit was instituted by Complaint filed on June 6, 2022. Movants appeared as counsel for Adira, have filed responsive pleadings, and have participated in all necessary matters in the defense of this action, including initial disclosures, discovery planning conferences, and a Rule 16 conference with the Court.

On October 27, 2022, Plaintiffs in the instant lawsuit and entities related to Plaintiffs filed a Second Amended Complaint adding Adira to litigation pending in the Southern District of Florida, No. 1:21-CV-21317 (the "Florida Lawsuit"). On December 2, 2022, Plaintiffs in the instant lawsuit and entities related to Plaintiffs filed a new action in the Northern District of California against Adira and others, No. 3:22-CV-07604 (the "California Lawsuit").

Due to the recent multiplicity of litigation against Adira and the chilling effect such litigation has on charitable contributions to Adira, as a grant-funded nonstock corporation, Adira's board of directors has voted to dissolve and terminate Adira. Attached as Exhibit A to Movants' motion are articles of dissolution that Adira, through counsel, filed with the State Corporation Commission on December 13, 2022.

Adira has informed Movants that Adira desires for Movants to cease their legal representation of Adira in this action due to the impending dissolution and termination of Adira and because Adira lacks resources to continue operations, including resources to fund any ongoing defense in this matter.

II. **ARGUMENT**

Local Civil Rule 83 provides in relevant part:

2

> (G) **Withdrawal of Appearance**: No attorney who has entered an appearance in any civil action shall withdraw such appearance, or have it stricken from the record, except on order of the Court and after reasonable notice to the party on whose behalf said attorney has appeared.

Movants have complied with the Local Rule because they have given Adira notice of Movants' motion to withdraw. Indeed, Movants' motion to withdraw and cease representation comes at the instruction of Adira.

In addition to the Local Civil Rules, the withdrawal of an attorney in this Court is governed by the Virginia Rules of Professional Conduct. Rule 1:16 provides in relevant part:

> Rule 1.16. Declining Or Terminating Representation.
>
> (a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
>
>> (1) the representation will result in violation of the Rules of Professional Conduct or other law;
>>
>> (2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or
>>
>> (3) the lawyer is discharged.
>
> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
>
>> * * *
>>
>> (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>>
>> (6) other good cause for withdrawal exists.
>
> (c) In any court proceeding, counsel of record shall not withdraw except by leave of court after compliance with notice requirements

> pursuant to applicable Rules of Court. In any other matter, a lawyer shall continue representation notwithstanding good cause for terminating the representation, when ordered to do so by a tribunal. . . .

Va. Sup. Ct. R. pt. 6, sec. II, 1.16. By the plain terms of Rule 1.16(a), withdrawal is mandatory where an attorney has been discharged. Movants have satisfied the requirements of Rule 1.16(c) by seeking leave of this Court.

The decision to grant a motion to withdraw lies within the Court's discretion. *Patterson v. Gemini Org., Ltd.*, 2000 U.S. App. LEXIS 29505, at *6 (4th Cir. Nov. 17, 2000). The Court should exercise that discretion and grant Movant's motion here.

First, Adira has instructed Movants to cease their representation in defense of this matter due to Adira's dissolution and impending termination.

Second, as expressly identified in Rule 1:16(b)(5), the continued representation of Adira would impose an unreasonable financial burden on Movants. At present, subject to pending motions to dismiss, this matter involves a 393-paragraph complaint with seven separate causes of action, three defendants, and conduct dating back more than a decade. Written discovery and deposition discovery in this matter will be significant, likely requiring hundreds if not thousands of hours of attorney time that would go uncompensated.

Third, Rule 1:16(b)(5) permits withdrawal where representation "has been rendered unreasonably difficult by the client . . . ." Adira has already dissolved, and once it terminates, there will be no officer, director, or employee of Adira capable of cooperating with Movants in the defense of Adira, instructing counsel as to strategy, or otherwise permitting Movants to effectively represent the entity.

4

Fourth, no purpose will be served by requiring Movants to remain in the case as counsel involuntarily, against the wishes of both Movants and Adira. Movants remaining as counsel will neither reverse the dissolution nor stop the termination of Adira. There will no longer be any officer, director, or employee of Adira capable of responding to discovery on behalf of Adira. There will no longer be any interests of Adira to be served by an ongoing defense to litigation that has made Adira's ongoing operations economically futile.

### III. CONCLUSION

For the reasons set forth above, the Court should grant Movant's motion to withdraw as counsel.

Respectfully submitted this 23rd day of December, 2022.

/s/ Joseph E. H. Atkinson
Joseph E. H. Atkinson (VSB #70016)
John S. Buford (VSB #89041)
Hancock, Daniel & Johnson, P.C.
4701 Cox Rd., Suite 400
Glen Allen, VA 23060
Tel.:   804-967-9604
Fax:   804-967-9888
eatkinson@hancockdaniel.com
jbuford@hancockdaniel.com
*Attorneys for Defendant Adira Foundation*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed electronically through the Court's CM/ECF system, which will cause a Notice of Electronic Filing to be emailed to all counsel of record.

This the 23rd day of December, 2022.

<u>/s/ Joseph E. H. Atkinson</u>
Joseph E. H. Atkinson (VSB #70016)
John S. Buford (VSB #89041)
Hancock, Daniel & Johnson, P.C.
4701 Cox Rd., Suite 400
Glen Allen, VA 23060
Tel.:   804-967-9604
Fax:   804-967-9888
eatkinson@hancockdaniel.com
jbuford@hancockdaniel.com
*Attorneys for Defendant Adira Foundation*