IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| MSP RECOVERY CLAIMS, SERIES LLC, a Delaware series limited liability company; MSPA CLAIMS I, LLC, a Florida limited liability company; MSP Recovery Claims Series 44, LLC, a Delaware series limited liability company; MSP Recovery Claims PROV, Series LLC, a Delaware series limited liability company; and MSP Recovery Claims CAID, Series LLC, a Delaware series limited liability company; on behalf of themselves and all others similarly situated,<br><br>                *Plaintiffs*,<br><br>   v.<br><br>LUNDBECK LLC, a Delaware corporation; CARING VOICE COALITION, INC., an Idaho non-profit corporation; THERACOM, LLC, an Ohio corporation; and ADIRA FOUNDATION, a Virginia non-profit corporation,<br><br>                *Defendants*. | Civil Action No. 3:22-cv-422-HEH<br><br>**PLAINTIFFS' MOTION TO SUPPLEMENT COMPLAINT PURSUANT TO RULE 15(d)** |

**PLAINTIFFS' MOTION TO SUPPLEMENT COMPLAINT PURSUANT TO RULE 15(d)**

## APPLICABLE FACTS

On June 6, 2022, Plaintiffs initiated this action "on behalf of themselves and other Medicare Advantage health plans and Medicaid health plans" who "were forced to pay artificially increased prices for all Xenazine prescriptions and for an increased quantity of Xenazine claims." [ECF 1, ¶1, 8]. Plaintiffs also alleged that Defendants'[1] conduct violated the Anti-Kickback Statute ("AKS"), resulting in the interstate use of mail and wires to submit false certifications to Plaintiffs' Assignors, and in furtherance of their bribery scheme. [*Id.* at ¶128-130; ECF 53, at 21-22].

On September 14, 2022, Defendants filed three Motions to Dismiss, and replies in support.[2,3] [ECF 33, 34, 37, 58]. In relevant part, Defendants raised the following arguments, 1) Plaintiffs are indirect purchasers who "have never purchased Xenazine themselves"[4] [ECF 32-1, at 12, 27]; and 2) the Complaint "does not allege…whether the patients whose claims [the Assignors] reimbursed [for Xenazine] received co-pay assistance from CVC." [ECF 32-1, at 21; ECF 37, at 2 – "Despite claiming to represent Medicare payors, Plaintiffs are unable to describe even one representative claim justifying their suit."; ECF 37, at 5-6 – "Plaintiffs do not plead a

---

[1] The defendants include, 1) a drug manufacturer, Lundbeck, LLC ("Lundbeck"); 2) a specialty pharmacy and service provider, TheraCom, LLC ("TheraCom"), and 3) two 501(c)(3) charities, Caring Voice Coalition ("CVC") and Adira Foundation ("Adira").
[2] CVC did not respond or otherwise participate in any proceedings, resulting in the entry of Default Judgment. [ECF 44].
[3] Approximately two months after filing its Motion to Dismiss, Adira voted to dissolve the company and instructed its counsel to cease representation. Upon learning this, Plaintiffs sought to enjoin Adira's dissolution and disposing of assets, and filed a *Motion for a Temporary Restraining Order and Motion for a Preliminary Injunction Against Adira Foundation*, which remains pending before this Court. [ECF 74].
[4] After informing this Court that Plaintiffs purchased Xenazine directly from TheraCom, a co-conspirator [*See, e.g.,* ECF 52, at 24 – "TheraCom admits to being a specialty pharmacy and submitted the tainted claims directly to the Plaintiffs' Assignors."; Compl., ¶106], Defendants argued, "Plaintiffs do not allege or argue that TheraCom submitted anything to Assignors in this case." [ECF 58, at 18]; [*See also,* ECF 34, at 24 – "Yet, the Complaint makes clear that there are no credible allegations demonstrating that TheraCom's actions led directly to either the increase in the price of Xenazine *or the dispensing of Xenazine*."].

1

single fact establishing that any representative assignor paid a single insurance claim for the drug at issue – Xenazine – capable of conferring standing…[T]hey do not trace even one payment to the alleged scheme or for that matter even allege facts showing payment of even one claim. If Plaintiffs represent the health plans who paid the claims, why aren't they capable of alleging the specifics of a reimbursed claim?"].

On January 17, 2023, the parties appeared before this Court for oral argument. At the hearing, Defendants argued, in relevant part, that this Court should dismiss this case because Plaintiffs have not "identified a single claim that any of the assignors allegedly paid." [Transcript, at 29-30; *See also,* Transcript, at 10, 16, 19]. Relating to this, the Court asked, "And they have not identified any specific claim? They are going to review their records and see if there were claims?", to which Defendants' counsel responded, "that's my understanding…"[5] [Transcript, at 8].

At oral argument, this Court also inquired as to the extent of TheraCom's monetary gain in participating in the scheme. [Transcript, at 23]. TheraCom represented that it only participated on a "fee for service basis", as "a middleman", and "a service provider". [Transcript, at 24]. TheraCom also argued that Plaintiffs have failed to identify a "specific claim submitted" by TheraCom "as a pharmacy", or "identify a single certification that TheraCom ever made[.]" [Transcript, at 30, 97].

Previously however, Plaintiffs and Plaintiffs' affiliates filed a separate action against drug manufacturer United Therapeutics ("UT") and CVC. *MSP Recovery Claims, Series, LLC, et. al. v. Caring Voice Coalition, Inc., et. al.*, Case No. 1:21-cv-21317 (S.D. Fl.) ("UT Action"). In

---

[5] Plaintiffs also informed the Court of Defendants' deficient responses to Plaintiffs' discovery requests where Defendants, Lundbeck and TheraCom, objected to providing documents that would allow Plaintiffs to match their data with Defendants' data, on the basis that such documents could be obtained by CVC or Adira – both of whom refuse to cooperate in this litigation. [Transcript, at 73-74].

2

prosecuting the UT Action, Plaintiffs there reached a confidential settlement with CVC by which CVC agreed to produce all records in its possession, custody, and control. However, CVC substantially failed to comply with this agreement and despite numerous attempts by Plaintiffs, CVC has made no effort to cure these defects. While CVC did produce some documents, it is clear from the contents and structure of this production that it is woefully incomplete. Further, the documents that were produced were riddled with obstacles that made it unreasonably difficult to review—missing files, atypical file types, password protected folders, webs of empty folders, etc. As such, Plaintiffs have an appeal pending before the First Circuit on this matter. *MSP Recovery Claims, Series LLC et al. v. Caring Voice Coalition, et al.*, Case No. 22-1898 (1st Cir.).

Because of these difficulties, Plaintiffs were unable to substantially and effectively review these documents prior to the hearing, let alone search for grant information related to prescriptions for Xenazine that flowed through the illegal scheme outlined in Plaintiffs' Complaint. Following the hearing, Plaintiffs were able to work through those technical difficulties using a third-party vendor. As a result, Plaintiffs were able to identify *and* affirmatively confirm specific beneficiaries who were prescribed Xenazine – despite Lundbeck's and TheraCom's refusal to provide documents that would have further identified beneficiaries [Transcript, at 73-74]—and who received co-pay assistance from CVC (with Lundbeck's funds), during the relevant time period. Plaintiffs were also able to identify specific claims that involved direct payment from the Assignors to TheraCom, in its role as a pharmacy.

Plaintiffs now seek to supplement their Complaint pursuant to Federal Rules of Civil Procedure ("Rule") 15(d) and attach **Exhibit A** in supplementation of the Complaint.

3

## APPLICABLE LAW AND ARGUMENT

Rule 15(d) provides that the Court may permit a party to file supplemental pleadings setting forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." "[T]he standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical. In either situation, leave should be freely granted, and should be denied only where 'good reason exists'[.]" *Franks v. Ross*, 313 F.3d 184, 198 (4th Cir. 2002). "In short, Rule 15(d) allows a party to bring the case up to date." *Ohio Valley Env't Coal. v. U.S. Army Corps of Engineers*, 243 F.R.D. 253, 255 (S.D.W. Va. 2007)

The Fourth Circuit has held that supplemental pleadings are "[s]o useful . . . and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears. . . ." *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28–29 (4th Cir.1963). Indeed, "permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense[.]" *Rowe v. U. S. Fid. & Guar. Co.*, 421 F.2d 937, 942 (4th Cir. 1970); *Ross*, 313 F.3d at 198 (internal citations omitted) ("[T]he filing of a supplemental pleading is an appropriate mechanism for curing numerous possible defects in a complaint.").

"In light of Rule 15(d)'s salutary purpose, supplementation of pleadings is favored and should be granted absent undue delay, bad faith, dilatory tactics, or unfair prejudice to the party to be served with the proposed pleading." *Mayor & City Council of Baltimore v. Trump*, 2020 WL 958554, at *2 (D. Md. Feb. 27, 2020). "At this stage, however, the Court's determination is limited to whether, on its face, the proposed supplementation is prejudicial, futile, or demonstrates bad faith." *Garey v. James S. Farrin, P.C.*, 2018 WL 4688389, at *7 (M.D.N.C. Sept. 29, 2018); *see also Rambus, Inc. v. Infineon Techs., AG*, 304 F. Supp. 2d 812, 819 (E.D. Va. 2004) (explaining

that on a motion to amend a pleading, "the substantive merits of a proposed claim are typically best left for later resolution[.]") (citations omitted). A motion under Rule 15(d) is not prejudicial in circumstances where the "litigation has not yet advanced beyond the motion-to-dismiss stage and discovery has not yet commenced." *Garey v. James S. Farrin, P.C.*, 2018 WL 4688389, at *7 (M.D.N.C. Sept. 29, 2018).

This case was filed on June 6, 2022. Since then, CVC has refused to participate in any proceedings, and a default judgment has been obtained. Since then, Plaintiffs have also served discovery upon Defendants, where, upon receiving Plaintiffs' discovery requests, Adira filed for dissolution and instructed its counsel to cease representation. Lundbeck and TheraCom both asserted objections to providing Plaintiffs with documents that would also be in CVC's or Adira's possession. Also, since the filing of the Complaint, representations were made to this Court that Plaintiffs 1) never purchased Xenazine from one of the named Defendants; and 2) cannot identify a single claim that involved co-pay assistance through CVC. This Court also inquired as to whether Plaintiffs were "going to review their records and see if there were claims" to support their allegations. [Transcript, at 8].

After that hearing, and despite the obstruction and elusiveness of Defendants, Plaintiffs were able to identify and confirm specific Xenazine claims that were 1) paid for by the Assignors; 2) involving co-payment by CVC during the relevant period; and 3) resulting in payments directly to TheraCom. There is no evidence of any dilatory tactic, or bad faith, to justify denying Plaintiffs' attempt to supplement their pleading with additional evidence in support of their claims. Rather, allowing Plaintiffs to supplement their Complaint with the addition of paragraph 49(a) and its accompanying exhibit of specific claims, as reflected in **Exhibit A**, would be in "service in the efficient administration of justice", *Waller,* supra, as it would allow Plaintiffs to "bring the case up

5

to date." *Ohio Valley Env't Coal.*, 243 F.R.D. at 255. Additionally, given the fact "litigation has not yet advanced beyond the motion-to-dismiss stage and discovery has not yet commenced", Defendants will not be prejudiced by the relief sought. *Garey*, 2018 WL 4688389, at *7.

## Conclusion

**WHEREFORE**, Plaintiffs, by and through its attorneys, respectfully request this Honorable Court **GRANT** this motion and permit Plaintiffs to supplement their Complaint with Proposed Paragraph 49(a), and its accompanying exhibit, as reflected in **Exhibit A.**

Dated: February 8, 2023

*WISE LAW FIRM, PLC*

By: /s/ *David H. Wise*
David Hilton Wise, VA Bar No. 30828
Joseph M. Langone, VA Bar No. 43543
WISE LAW FIRM, PLC
10640 Page Street, Ste 320
Fairfax, Virginia 22030
Tel: (703) 934-6377
Fax: (703) 934-6379
dwise@wiselaw.pro
jlangone@wiselaw.pro

Akeel & Valentine, PLC

By: /s/ *Shereef H. Akeel*
Shereef H. Akeel (*pro hac vice*)
(MI Bar No. 54345)
Adam S. Akeel (*pro hac vice*)
(MI Bar No. 81328)
Samuel R. Simkins (*pro hac vice*)
(MI Bar No. 81210)
Daniel W. Cermak (*pro hac vice*)
(MI Bar No. 84460)
Hayden E. Pendergrass (*pro hac vice*)
(DC Bar No. 1645085)

6

888 W. Big Beaver Road 420
Troy, Michigan 48084
Shereef@akeelvalentine.com
Adam@akeelvalentine.com
Sam@akeelvalentine.com
Daniel@akeelvalentine.com
Hayden@akeelvalentine.com

Eduardo Bertran, FL Bar. No. 94087 (*pro hac vice* forthcoming)
ARMAS BERTRAN ZINCONE
4960 SW 72nd Ave., Ste 206
Miami, FL 33155
ebetran@armaslaw.com

John W. Cleary (FL Bar No. 118137) (*pro hac vice*)
Attorneys for Plaintiffs
MSP RECOVERY LAW FIRM
2701 S. LeJeune Rd., 10th Floor Coral Gables, FL 33134
(305) 614-2222
jcleary@msprecoverylawfirm.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2023, a copy of the foregoing was filed and served electronically through the Court's CM/ECF system to all counsel of record.

                                                                */s/ David H. Wise*
                                                                David H. Wise