IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MSP RECOVERY CLAIMS, SERIES LLC, a Delaware series limited liability company; MSPA CLAIMS I, LLC, a Florida limited liability company; MSP Recovery Claims Series 44, LLC, a Delaware series limited liability company; MSP Recovery Claims PROV, Series LLC, a Delaware series limited liability company; and MSP Recovery Claims CAID, Series LLC, a Delaware series limited liability company; on behalf of themselves and all others similarly situated,

    *Plaintiffs*,

    v.

LUNDBECK LLC, a Delaware corporation; CARING VOICE COALITION, INC., an Idaho non-profit corporation; THERACOM, LLC, an Ohio corporation; and ADIRA FOUNDATION, a Virginia non-profit corporation,,

    *Defendants*.

Civil Action No. 3:22-CV-422-HEH

**LUNDBECK LLC'S RESPONSE TO PLAINTIFFS' MOTION
TO SUPPLEMENT COMPLAINT PURSUANT TO RULE 15(d)**

Defendant Lundbeck LLC respectfully submits this memorandum in response to Plaintiffs' Motion to Supplement the Complaint Pursuant to Fed. R. Civ. P. 15(d) (ECF No. 87) ("Motion").

## INTRODUCTION

Plaintiffs' Motion seek to add a single additional paragraph—and an accompanying spreadsheet—to the allegations in their Complaint. Because the events alleged in that paragraph (and identified in the spreadsheet) occurred more than half a decade before the Complaint was filed, Plaintiffs' Motion should be construed as a motion to amend the Complaint under Rule 15(a), not a motion to supplement under Rule 15(d). So construed, Lundbeck does not oppose the relief Plaintiffs seek.

Plaintiffs' proposed amendment does not remedy any of the Complaint's flaws. Rather, it illustrates the utterly meritless nature of Plaintiffs' entire case. Because Plaintiffs have now received the opportunity to amend, and because their proposed amendment demonstrates that further amendments would futile, this Court should grant Lundbeck's pending Motion to Dismiss (ECF No. 32) with prejudice.

## BACKGROUND

Plaintiffs do not allege that they have ever reimbursed anyone for Lundbeck's drug, Xenazine. Instead, they purport to bring this suit on behalf of so-called "Assignors." But Plaintiffs do not allege that Assignors purchased Xenazine from Defendants either. Instead, according to the Complaint, Assignors allegedly reimbursed unnamed beneficiaries who purchased Xenazine in unidentified locations at unidentified prices at some point in time over a decade-long period. *See, e.g.*, Compl. ¶ 120. Plaintiffs' Complaint offers no additional information about Assignors, their alleged beneficiaries, or any injuries that Assignors allegedly suffered. *See, e.g.*, Compl., App'x. Given these vague and conclusory allegations, all three Defendants moved to dismiss on

1

numerous independent grounds. (ECF Nos. 32, 33, 36). This Court heard argument on those motions on January 17, 2023. (ECF Nos. 84, 86).

Plaintiffs have now filed a post-argument motion to supplement the Complaint under Rule 15(d). Plaintiffs' Motion rests on skewed snippets of the motion-to-dismiss hearing transcript taken out of context, and it merits no discussion.[1] But Plaintiffs' actual proposed amendment does not allege anything of material relevance. Specifically, they propose adding an additional Paragraph 49(a) to the Complaint, which, if accepted, would read:

> Plaintiffs have reviewed the limited documents provided to them by CVC and have identified several beneficiaries that received prescriptions as a result of the Co-Payment Circumvention Scheme. See Exhibit 1. The beneficiaries that Plaintiffs put forth are just a partial list and discovery is ongoing to further ascertain the full breadth of claims funneled through CVC in furtherance of the scheme to defraud.

Pls.' Proposed ¶ 49(a) (ECF No. 87-1). Proposed Exhibit 1 then includes a spreadsheet with the following categories: "msp_mrd_id; msp_client; msp_member_id_updated; msp_drug_name; DOS." *Id.*

---

[1] Plaintiffs' Motion also misconstrues the record. For instance, in accusing Defendants of obstructing discovery, Plaintiffs cite nothing in support except their own *ipse dixit* from the motion to dismiss hearing. Mot. at 2 (citing Hr'g Tr. at 73-74 (Jan. 17, 2023)). In addition, Plaintiffs' plainly misconstrue a colloquy between the Court and Lundbeck's counsel regarding the unlawful assignment contracts in this case. *Id.* The purported assignment contracts Plaintiffs rely upon do not specify any claims against anyone, and Plaintiffs have acknowledged that Assignors did not know about any of the claims they assert in this case when they signed those contracts. Hr'g Tr. at 7:7-21. Based on this contractual feature, the Court asked Lundbeck's counsel: "And they have not identified any specific claim? They're going to review their records and see if there were claims?" *Id.* at 8:14-16. Plaintiffs selectively quote Lundbeck's counsel's response as saying "that's my understanding" while omitting that the full statement: "that's my understanding *of the [assignment] contract.*" Hr'g Tr. at 8:17-19 (emphasis added). Neither the Court nor Lundbeck's counsel suggested it would be appropriate for Plaintiffs to root through CVC's records to try and conjure up additional support for Plaintiffs' deficient Complaint.

2

Plaintiffs provide no further information about the data they include in Exhibit 1. For instance, they do not mention whether Assignors had anything to do with the "beneficiaries" that allegedly purchased Xenazine. Nor do they identify the state in which the alleged reimbursement occurred. And they make no effort to link the alleged beneficiary or the data in the chart to any fraudulent statement or conduct of any kind by a Defendant in this case.

In fact, to the extent Exhibit 1 is intelligible at all, it appears to suggest that the data affirmatively does *not* relate to the allegations in the Complaint. For instance, the second "msp_client" listed in the chart is "BCBSRI," which appears to be a reference to the insurance company, "Blue Cross Blue Shield of Rhode Island." *Compare* Pls.' Mot., Ex. 1, *with* https://www.bcbsri.com/. Notably, Plaintiffs' Complaint does not mention Blue Cross Blue Shield; nor does it allege any purchases in the State of Rhode Island. *See, e.g.*, Compl. ¶ 341.

## **ARGUMENT**

This Court should construe Plaintiffs' motion to supplement as a motion to amend, and it should grant that motion as uncontested. Having given Plaintiffs leave to amend, the Court should dismiss this case with prejudice because any further amendment would be futile.

**I. This Court Should Construe Plaintiffs' Rule 15(d) Motion as a Motion to Amend Under Rule 15(a) and Grant the Motion as Uncontested**

Plaintiffs' Motion does not fit any reasonable interpretation of Rule 15(d), which allows for parties to supplement their pleadings to include any "transaction, occurrence, or event that happened *after the date of the pleading* to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added); *see Griffin v. County School Bd. of Prince Edward County*, 377 U.S. 218, 227 (1964) ("Rule 15(d) of the Federal Rules of Civil Procedure plainly permits supplemental amendments to cover events happening after suit."); *see also Rowe v. U.S. Fidelity & Guaranty Co.*, 421 F.2d 937, 942 (4th Cir. 1970) ("A supplemental pleading . . . is designed to cover matters subsequently

3

occurring but pertaining to the original case." (citation omitted)). Plaintiffs' proposed Exhibit 1 purports to list a number of Xenazine reimbursements that occurred, at the latest, on November 28, 2016. *See* Pl's. Ex. 1 at 4 (final column). Accordingly, Plaintiffs' proposed supplement alleges events that occurred more than half a decade *before* the Complaint was filed on June 6, 2022, not "after the date of the pleading," as required by Rule 15(d).

Accordingly, Plaintiffs' Motion should be construed as a motion to amend the complaint under Rule 15(a). *See* Fed. R. Civ. P. 15(a). Because courts apply "identical standards in ruling" on a motion to amend and a motion to supplement, courts find "little significance" in the "mislabeling by a party" of the motion. *Ohio Valley Environmental Coalition v. U.S. Army Corps of Engineers*, 243 F.R.D. 253, 255-56 (S.D. W. Va. 2007); *see Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 609 & n.3 (4th Cir. 1980) (discussing the difference between a plaintiff filing a 15(a) versus 15(d) motion and noting that "the technical distinction between the two is not of critical importance, and is frequently simply disregarded by courts"). Therefore, provided Plaintiffs' motion is construed as a Rule 15(a) motion, Lundbeck does not oppose the Motion.

**II.    This Court Should Dismiss Plaintiffs' Complaint, As Amended, With Prejudice**

Plaintiffs' Motion confirms that the Complaint should be dismissed with prejudice. "In the Fourth Circuit, district courts are not required to give plaintiffs one without-prejudice ruling on the merits before dismissing with prejudice." *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 196 (4th Cir. 2022). In other words, "plaintiffs do not get a dry run as a matter of right." *Id.* Accordingly, even without an amendment, this Court has "inherent power to manage [its] dockets with an eye toward speedy and efficient resolutions, and part of that power is the use of with-prejudice dismissals." *Id.* (citation omitted); *see also Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (surveying circuit cases that do not "categorically

4

require a district court to issue a definitive ruling before dismissal with prejudice" and adopting that rule).

Nonetheless, under Rule 15, courts often allow plaintiffs one chance to amend before a final appealable judgment is entered against them. *See, e.g.*, *Workman v. Morrison Healthcare*, 724 F. App'x 280 (4th Cir. June 4, 2018) (Table) (noting that where the district court has already afforded an opportunity to amend, the district court has the discretion to afford another opportunity to amend or can "dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order"); *Knox v. Plowden*, 724 F. App'x 263 (4th Cir. May 31, 2018) (Table) (on remand, district judge dismissed the action with prejudice); *Mitchell v. Unknown*, 2018 WL 3387457 (4th Cir. July 11, 2018) (unpublished). "Thus, in line with Fourth Circuit case law," Lundbeck's motion to dismiss should be granted "with prejudice because Plaintiff had an opportunity to amend but failed to cure deficiencies in [their] Amended Complaint." *Ackbar v. Monaco*, No. 4:20-cv-813, 2020 WL 2785019, at *3 (D.S.C. May 29, 2020).

In any event, a district court may always "deny leave [to amend] if amending the complaint would be futile—that is, 'if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (citation omitted); *see Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). Here, Plaintiffs' proposed "supplement" to the Complaint confirms that any further amendment would be futile. Indeed, nothing in the proposed amendment even remotely addresses the critical flaws that Lundbeck identified in Plaintiffs' Complaint. *See* Lundbeck Mem. in Supp. of MTD (ECF No. 39) ("Lundbeck Mem."); Lundbeck Reply in Supp. of MTD (ECF No. 58) ("Lundbeck Reply").

In particular, Plaintiffs' proposed amendment confirms that Plaintiffs and Assignors are, *at best*, indirect purchasers who are precluded from recovery under RICO.  *See* Lundbeck Mem. at 17-18; Lundbeck Reply at 10-12.  In fact, as indicated by Plaintiffs' chart, Plaintiffs' "clients" appear to be entities like the insurance company Blue Cross Blue Shield of Rhode Island, which reimburses patients that purchase medications like Xenazine.  *See* Pls.' Mot. to Supp., Ex. 1.  As the Third Circuit recently held, those insurance companies are precisely the kind of indirect purchasers that are categorically excluded from bringing treble-damages suits under RICO.  *Humana, Inc. v. Indivior, Inc.*, No. 21-2573, 2022 WL 17718342, at *1 (3d Cir. Dec. 15, 2022) (affirming district court's dismissal of "Insurers' complaints *with prejudice*, reasoning that the Insurers had alleged their RICO claims based on a theory of injury caused by their downstream reimbursements for Suboxone film, a theory foreclosed by the indirect-purchaser rule" (emphasis added; footnote omitted)).  As Lundbeck has explained, that holding is consistent with binding Fourth Circuit precedent.  *See NCNB Nat. Bank of N.C. v. Tiller*, 814 F.2d 931, 937 (4th Cir. 1987) (citing *Carter v. Berger*, 777 F.2d 1173, 1175-76 (7th Cir. 1985), and holding that the indirect purchaser rule "applies to RICO cases"), *overruled on other grounds by Busby v. Crown Supply, Inc.*, 896 F.2d 833, 841 & n.8 (4th Cir. 1990).  Nothing in Plaintiffs' instant amendment or any future amendment could possibly change the reality that Assignors are indirect purchasers.  They will never be able to proceed under RICO.

Plaintiffs' proposed amendment confirms that with-prejudice dismissal is appropriate for a multitude of other reasons as well.  Briefly:

- <u>Plaintiffs fail to allege a valid assignment</u>.  Lundbeck Mem. at 9-12; Lundbeck Reply at 3-5. Plaintiffs' proposed amendment does not address or seek to rehabilitate their invalid assignments.  Lundbeck Reply at 4 (citing *Accrued Fin. Servs., Inc. v. Prime Retail, Inc.*, 298 F.3d 291, 294 (4th Cir. 2002)).

6

- <u>Plaintiffs fail to allege standing</u>.  Lundbeck Mem. at 9-13; Lundbeck Reply at 2-6.  Plaintiffs' proposed amendment demonstrates that Plaintiffs have no intention of specifying the nature of their alleged injury.  In fact, Plaintiffs seek to obscure the facts further with a largely indecipherable exhibit chart that appears to identify MSP "members" by codes, such as "A1071528900-AVDI-AVIDCOM."  Pls.' Mot. to Supp., Ex. 1.  It does not mention Assignors or Assignors' purported beneficiaries at all.  And Plaintiffs *still* have not identified a single payment that Assignors made that could conceivably be traced to Defendants' actions.

- <u>Plaintiffs lack statutory standing</u>.  Lundbeck Mem. at 12-13; Lundbeck Reply at 5-6.  Plaintiffs still do not identify any specific purchase in a specific state.  In fact, the only state that is decipherable from the proposed amendment—Rhode Island—*is not even mentioned in the Complaint*.  See, e.g., Compl. ¶ 341.

- <u>Plaintiffs' claims are untimely</u>.  Lundbeck Mem. at 13-16; Lundbeck Reply at 6-10.  Plaintiffs' proposed amendment does not change Plaintiffs' admission that the alleged scheme was "uncovered" in 2014, Compl. ¶ 92; nor does it change the undisputed reality that Lundbeck publicly disclosed the government investigation into Xenazine in March of 2016, before the accrual date of June 6, 2016.  Lundbeck Reply at 8.

- <u>Plaintiffs fail to allege a predicate act of mail fraud, wire fraud, or a violation of the Travel Act, as required under RICO</u>.  Lundbeck Mem. at 18-20; Lundbeck Reply at 12-14.  Plaintiffs' proposed amendment continues to obscure any coherent factual allegations by vaguely alleging a "scheme" without identifying a fraudulent statement by any defendant, much less the "who, what, when, where" required to satisfy Rule 9(b).

- <u>Plaintiffs fail to allege a RICO Enterprise or a Pattern of Racketeering</u>.  Lundbeck Mem. at 20-23; Lundbeck Reply at 14-15.  Again, Plaintiffs continue to offer vague allegations about a "Co-Payment Circumvention Scheme" without providing any factual clues as to what the "scheme" was and how that "scheme" unlawfully harmed Assignors.

- <u>Plaintiffs fail to allege proximate causation</u>.  Lundbeck Mem. at 24-28; Lundbeck Reply at 16-18.  Yet again, Plaintiffs do not even attempt to satisfy proximate causation, instead stating in the most conclusory possible terms that they "identified several beneficiaries that received prescriptions as a result of the Co-Payment Circumvention Scheme."  Pls.' Proposed ¶ 49(a).  There are no well-pled facts in that sentence which could possibly establish proximate causation.

- <u>Plaintiffs' state-law claims fail</u>.  Lundbeck Mem. at 28-30; Lundbeck Reply at 18-20.  At the hearing on Defendants' Motions to Dismiss, two separate counsel argued for Plaintiffs, filling a total of 53 pages of transcript.  Hr'g Tr. at 37-90 (Jan. 17, 2023).  Neither counsel defended Plaintiffs' state law claims on the merits.  Those claims are alleged only in the most conclusory terms in the original Complaint, and Plaintiffs have provided nothing in their proposed amendment to change the merits of those claims.

7

Finally, dismissal with prejudice is even more appropriate here because of the extensive briefing on the merits of this case. Defendants filed three separate motions to dismiss. ECF Nos. 32, 33, 36. Plaintiffs responded to each of them separately, filing a total of 88 pages in opposition, complete with 25 separate exhibits. ECF Nos. 51-53. Moreover, this Court granted Plaintiffs leave to file separate sur-replies to both Lundbeck's Motion to Dismiss (ECF No. 67) and Theracom's Motion to dismiss (ECF No. 69). ECF Nos. 77-78 (granting leave to file). Lundbeck and Theracom both responded to those motions for leave to file sur-replies as well. ECF Nos. 71, 76. Lundbeck then filed a notice of supplemental authority prior to oral argument. ECF No. 82. And prior to oral argument, Plaintiffs filed a motion for a temporary restraining order against Adira that addressed, among other things, Plaintiffs' likelihood of success on the merits. ECF Nos. 74-75.

In sum, as this Court remarked at oral argument, "the waterfront has been amply covered in this case." Hr'g Tr. at 3:24-25 (Jan. 17, 2023). There is no need for further briefing for this Court to reach a final judgment on the merits of the legal issues presented.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to supplement their Complaint should be construed as a motion to amend, and it should be granted. As amended, Plaintiffs' Complaint should be dismissed with prejudice.

February 20, 2023                     Respectfully submitted,

/s/ *Kolya Glick*
Kolya D. Glick (VA Bar No. 89196)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001-3743
Telephone: +1 202.942.5000
Facsimile: +1 202.942.5999
E-mail: kolya.glick@arnoldporter.com

8

Suneeta Hazra (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
1144 15th Suite 3100
Denver, CO 80202
Telephone: +1 303.863.1000
Facsimile: +1 303.863.2301
E-mail: suneeta.hazra@arnoldporter.com

*Counsel for Defendant Lundbeck LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2023, I electronically filed a true and correct copy of the foregoing using the Court's CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record.

/s/ *Kolya Glick*
Kolya D. Glick