IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| MSP RECOVERY CLAIMS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> LUNDBECK LLC., *et al.*, <br><br> *Defendants*. | Case No. 3:22-cv-422-HEH |

### RESPONSE TO PLAINTIFFS' MOTION TO SUPPLEMENT COMPLAINT

Defendant TheraCom LLC ("TheraCom"), by and through its undersigned counsel, joins in Lundbeck's Response to Plaintiffs' Motion to Supplement Complaint (ECF No. 87) ("Plaintiffs' Motion" or "Motion") and submits this Response to address certain TheraCom-specific issues.

In addition to its procedural failings,[1] Plaintiffs' proposed additions are immaterial and do not refer to TheraCom or any alleged acts or omissions by TheraCom in any way. Plaintiffs continue to offer no facts to support their generalized contentions that TheraCom was involved in the purported scheme at issue. *See generally* Plaintiffs' Motion; *see also* TheraCom LLC's

---

[1] Like Lundbeck, TheraCom also does not oppose the Court considering the contents of ECF 87-1 in deciding the pending motions to dismiss, although the unsupported factual averments of counsel in Plaintiffs' Motion should not be considered. TheraCom notes, however, that Plaintiffs' Motion is procedurally improper because Plaintiffs effectively seek to amend the Complaint while styling their revisions as a "supplement" pursuant to Rule 15(d), rather than an "amendment" pursuant to Rule 15(a). However, Rule 15(a) applies here because Plaintiffs' proposed "amended complaint relates to matters prior to the filing of the original pleading whereas a supplemental complaint involves matters that occurred subsequent to the filing of the initial complaint." *Ohio Valley Envtl. Coal. v. United States Army Corps of Eng'rs*, 243 F.R.D. 253, 255 (S.D. W. Va. 2007). Here, Plaintiffs' proposed new paragraph and accompanying exhibit do not allege that any new transactions took place after the filing of the Complaint and instead refer to purported transactions between 2010 and 2016. Plaintiffs attempt to style this as a supplemental pleading under Rule 15(d) because the time to amend the Complaint as of right under Rule 15(a)(1) has passed.

Memorandum in Support of its Motion to Dismiss, ECF No. 34, at 20-23; TheraCom LLC's Reply Memorandum in Further Support of its Motion to Dismiss, ECF No. 59, at 16-17.

In their Motion, Plaintiffs contend that they have now been able to "confirm specific Xenazine claims that were 1) paid for by the Assignors; 2) involving co-payment by CVC during the relevant period; and 3) resulting in payments directly to TheraCom."  Plaintiffs' Motion at 5. However, neither the proposed Paragraph 49(a) nor the accompanying Exhibit 1 do anything of the sort.  In fact, proposed Paragraph 49(a) merely alleges in conclusory terms Plaintiffs have identified "several beneficiaries that received prescriptions as a result of the Co-Payment Circumvention Scheme. See **Exhibit 1**."  ECF 87-1 at 1.  Plaintiffs' proposed revisions do not specify who these alleged beneficiaries are; do not identify who paid for the prescriptions allegedly at issue; and do not identify who is alleged to have received payment for those prescriptions.  The alleged "confirmation" regarding these claims as set forth in Plaintiffs' Motion should be disregarded because "statements by counsel that raise new facts constitute matters beyond the pleadings and cannot be considered on a Rule 12(b)(6) motion."  *E. I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 449 (4th Cir. 2011).

Similarly, Plaintiffs' proposed Exhibit 1 does nothing to cure the numerous pleading deficiencies identified in the pending motions to dismiss nor do Plaintiffs explain—in either their proposed Paragraph 49(a) or in their Motion—the meaning, significance, or relevance of Exhibit 1, other than to state summarily that it is an "exhibit of specific claims."  *See* Plaintiffs' Motion at 5. Exhibit 1 is merely a chart containing five columns and many unnumbered rows.  ECF 87-1 at 3-15 (including the headings: "msp_mrd_id," "msp_client," "msp_member_id_updated," "msp_drug_name" and "DOS").  Plaintiffs have not established whether the information in the proposed exhibit is presented in its original format; whether the information has been collected

from a variety of sources; or even which party or parties, if any, provided the data used to create the exhibit.  It is equally unclear whether the exhibit depicts actual prescriptions for Xenazine in which TheraCom was involved, whether the exhibit concerns claims that were actually paid (and if so, by whom and to whom), or whether or how TheraCom was involved in any way in whatever the exhibit is intended to depict.  Nothing in this proposed exhibit can reasonably be inferred to support any alleged connection between TheraCom and the supposed "scheme" at issue.

Because the new allegations cure none of the deficiencies in the original Complaint, TheraCom does not object to the Court considering the contents of ECF 87-1 when ruling on the pending motions to dismiss.  For all the reasons stated in the Defendants' motions to dismiss and in response to the Plaintiffs' Motion to Supplement, the Complaint should be dismissed with prejudice.

Date:  February 20, 2023

Respectfully Submitted,

/s/ Alison Ross Ellis
Alison Ross Ellis (VSB No. 75564)
REED SMITH LLP
Riverfront Plaza – West Tower
901 East Byrd Street, Suite 1900
Richmond, Virginia 23219
804-344-3400 (Telephone)
804-344-3410 (Facsimile)
aellis@reedsmith.com

Thomas H. Suddath (admitted *pro hac vice*)
Kristen M. Ashe (admitted *pro hac vice*)
REED SMITH LLP
1717 Arch Street, Suite 3100
Philadelphia, Pennsylvania 19103
215-851-8100 (Telephone)
215-851-1420 (Facsimile)
tsuddath@reedsmith.com
kashe@reedsmith.com

*Counsel for Defendant TheraCom LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2023, I electronically filed a true and correct copy of the foregoing using the Court's CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record.

/s/ Alison Ross Ellis
Alison Ross Ellis (VSB No. 007039)
REED SMITH LLP
Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1900
Richmond, VA 23219-4069
Telephone:  (804) 344-3400
Facsimile:  (804) 344-3410
aellis@reedsmith.com
*Counsel for TheraCom, LLC*