IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| MSP RECOVERY CLAIMS, *et al.*, <br><br>  *Plaintiffs*, <br><br> v. <br><br> LUNDBECK LLC., *et al.*, <br><br>  *Defendants*. | Case No. 3:22-cv-422-HEH |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant TheraCom LLC ("TheraCom"), by and through its undersigned counsel, submits this Notice of Supplemental Authority and the attached docket from the case *MSP Recovery Claims, Series LLC et al v. Caring Voice Coalition, Inc. et al*, Case No. 1:21-cv-21317 (S.D. Fla. Mar. 3, 2023) (the "S.D. Florida case"), in further support of its Response to Plaintiffs' Motion to Supplement Complaint (ECF. No. 89). The attached docket includes a paperless order that was recently issued by the court in a similar case involving Caring Voice Coalition ("CVC") and drug manufacturer United Therapeutics in which Plaintiffs also sought to supplement their complaint. *See* Exhibit A at 45-46 (ECF No. 244). The docket entry confirms that Plaintiffs' Motion to Supplement in this case (ECF No. 87) should be accepted only to the extent it is construed as a motion to amend pursuant to Rule 15(a).

The S.D. Florida case has many parallels to this case. The two cases contain some of the same plaintiffs (MSPA Claims I, LLC, and MSP Recovery Claims, Series LLC), one overlapping defendant (CVC), and many of the same plaintiffs' law firms and attorneys. In their pending Motion to Supplement before this Court, Plaintiffs cite to and rely upon the S.D. Florida case in arguing that recent discovery developments in that case are a basis upon which this Court should

allow them to supplement the pleadings here. *See* Plaintiffs' Motion to Supplement Complaint Pursuant to Rule 15(d), ECF No. 87, at 3-4. Even if accepted, Plaintiffs' proposed amendment does not cure the deficiencies in their pleading. As TheraCom has previously briefed, and with or without the Plaintiffs' proposed amendment, the Court should dismiss their claims with prejudice.

Similar to the case presently before this Court, the Plaintiffs also sought to supplement their complaint in the S.D. Florida case pursuant to Rule 15(d) largely on the same basis as they seek to supplement here: that recent discovery obtained from CVC necessitated and justified supplementing the pleadings. *See* Exhibit B at 7-8. As with Plaintiffs' motion before this Court, the motion in the S.D. Florida case sought to modify a single paragraph of their complaint, and to add an Exhibit to the complaint. *Compare id.* 27-45 *with* Proposed Paragraph – Motion to Supplement Complaint Pursuant to Rule 15(d), ECF No. 87-1, at 1-15.

In a paperless order, the S.D. Florida court rejected Plaintiffs' motion to supplement. That court held that Plaintiffs had not explained "when this [supplemental] information was originally provided to Plaintiffs, what work was required by a third-party vendor to enable Plaintiffs to effectively review this information, and when that work began." *See* Exhibit A at 45-46 (ECF No. 244). Without providing specific details relating to Plaintiffs' supposed recent discovery of the supplemental information, "[t]he Court is … unable to fairly assess Plaintiffs' diligence in [the S.D. Florida] matter." *Id.*

Although not binding on this Court, the ruling in the S.D. Florida case is persuasive here, because in both instances, Plaintiffs sought to amend their pleadings with information Plaintiffs contend that, although it was previously available to them, was "riddled with obstacles that made it unreasonably difficult to review." Plaintiffs' Motion to Supplement Complaint Pursuant to Rule 15(d), ECF No. 87, at 4; Exhibit B at 4. More recently (although their filings do not make clear

when), Plaintiffs allegedly were able to "work through those technical difficulties using a third party vendor." Plaintiffs' Motion to Supplement Complaint Pursuant to Rule 15(d), ECF No. 87, at 4; Exhibit B at 4. Because Plaintiffs relied on the S.D. Florida proceedings to support their Motion to Supplement in this case, TheraCom is submitting the publicly-available information regarding the Florida court's ruling so that this Court is informed of developments in this similar case and Plaintiffs' arguments therein. Regardless, Plaintiffs' complaint is without merit and should be dismissed with prejudice for the reasons previously briefed and argued by TheraCom's counsel.

Date:   March 10, 2023

Respectfully Submitted,

/s/ Alison Ross Ellis
Alison Ross Ellis (VSB No. 75564)
REED SMITH LLP
Riverfront Plaza – West Tower
901 East Byrd Street, Suite 1900
Richmond, Virginia 23219
804-344-3400 (Telephone)
804-344-3410 (Facsimile)
aellis@reedsmith.com

Thomas H. Suddath (admitted *pro hac vice*)
Kristen M. Ashe (admitted *pro hac vice*)
REED SMITH LLP
1717 Arch Street, Suite 3100
Philadelphia, Pennsylvania 19103
215-851-8100 (Telephone)
215-851-1420 (Facsimile)
tsuddath@reedsmith.com
kashe@reedsmith.com

*Counsel for Defendant TheraCom LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 10, 2023, I electronically filed a true and correct copy of the foregoing using the Court's CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record.

      /s/ Alison Ross Ellis
Alison Ross Ellis (VSB No. 007039)
REED SMITH LLP
Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1900
Richmond, VA 23219-4069
Telephone: (804) 344-3400
Facsimile: (804) 344-3410
aellis@reedsmith.com
*Counsel for TheraCom, LLC*